UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-156 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Desean James Solomon (1),<br>Leontawan Lentez Holt (3), and<br>Michael Allen Burrell (4), | |
| Defendants. | |

This matter comes before the Court on the Government's Motion to Designate Case as Complex Under the Speedy Trial Act, ECF No. 28. Defendant Desean James Solomon objects to the Government's motion.[1] *See generally* Solomon's Opp'n, ECF No. 30.

---

[1] Solomon and Defendant Leontawan Lentez Holt had their initial appearances in the afternoon on Wednesday, May 3, 2023. *See generally* ECF Nos. 21, 24. Both were found eligible for the services of the Federal Defender with counsel to be appointed and each was set to appear for a detention hearing and arraignment on Monday, May 8, 2023. *See generally* ECF Nos. 21, 24.

Solomon and Holt were appointed counsel the following morning, Thursday, May 4, 2023. *See generally* ECF Nos. 26, 27. Less than 15 minutes after the appointment of counsel, the Government filed its motion. *See generally* ECF No. 28. In its motion, the Government states that it "has not yet had the opportunity to confer with counsel for the unsealed Defendants in this matter, but the Government respectfully requests consideration of [its motion] before issuance of an arraignment order in this action." ECF No. 28 at 3-4. The motion did not set forth the basis for the purported urgency.

It does not appear that the Government even attempted to confer with defense counsel before filing its motion. *See* Solomon's Opp'n at 1 ("Due to the Government's wish to file [its] motion expeditiously, the Government did not consult with Defense Counsel to elicit Mr. Solomon's position on this motion."). True, the Government provided a copy of the motion and its proposed order to the Court and defense counsel shortly after the motion was filed. In the e-mail, the Government recognized that defense counsel had just been appointed that morning and stated it was copying them "in case they would like to raise any issues [the Government] did not in [its] motion or proposed order," presumably within the timetable sought to be imposed by the Government. The following day, the Court received an e-mail from Solomon, indicating his opposition to the motion, and subsequently set a briefing schedule. *See generally* ECF No. 36.

In its proposed order, the Government would have the Court describe this chain of events as follows: "The Court notes that the Government circulated a copy of its motion via e[-]mail to the Court and all counsel after said filing, ostensibly to foster any additional or necessary dialogue." The Court declines to do so.

1

This case involves multiple counts based on a series of alleged violent crimes and narcotics offenses stemming from Defendants' alleged membership and association with an alleged criminal organization described as the "Minneapolis Bloods Enterprise." ECF No. 28 at 1; *see generally* ECF No. 22 (redacted Indictment). The charges include one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); two counts of using and carrying a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. §§ 2 and 924(j); one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See generally* ECF No. 22.

The Government moves for an order designating this matter as a complex case for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). In its motion, the Government represents that "[t]his case is unusual and complex in that the indicted conduct involves a large-scale conspiracy with multiple separate incidents" and "[d]iscovery is very large and complicated." ECF No. 28 at 2, 3. The Government requests that this matter be designated as complex "[g]iven the size, complexity, and scope of the investigative materials relative to the overall investigation." ECF No. 28 at 2-3.

As described by the Government, the Indictment "stems from seven separate offense incidents," including two murders, "as well as multiple investigative events," such as "searches, interviews, etc." ECF No. 28 at 2. "There are also dozens of

uncharged but related offenses and incidents," which the Government intends to use at trial to "establish a pattern of racketeering activity and the existence of an enterprise." ECF No. 28 at 2.  The Government also suggests that the Indictment may be superseded based on recently received evidence.  ECF No. 28 at 3.

The Government states that "[t]he evidence includes thousands of pages of written and documentary materials, as well as voluminous videos, photographs, and content obtained through search warrants, including various forms of electronic evidence."  ECF No. 28 at 3.  The Government states that it "will need additional time to provide fulsome and intelligent access to certain of these materials to the Defendants"[2] and, without a complex-case designation, "the Defendants would have a limited opportunity to conduct a meaningful review for the purpose of filing motions and preparing for trial."  ECF No. 28 at 3.

Solomon, who has been charged in three of the six counts in this case, including racketeering conspiracy, opposes the Government's motion.  The Court interprets Solomon to be asserting his right to a speedy trial under the Sixth Amendment.  *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . .").  Solomon contends that "[w]hile the allegations are serious, they are not necessarily complex, and declaring them such would violate [his] right to a speedy trial while not vindicating his rights to due process during the course of these proceedings."  Solomon's Opp'n at 1.  Solomon contends the Government has not made the requisite showing, namely, that "due to the number of defendants, the nature of

---

[2] The Government does not indicate how much additional time it will need in either the motion or its proposed order.

the prosecution, or the existence of novel questions of fact or law," this case is so complex "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii). Solomon further contends that the Government's need for additional time to produce discovery "is not a ground for [his] []right to a speedy trial to be denied." Solomon's Opp'n at 2. The Court notes that Solomon is currently detained.[3] *See generally* ECF No. 37.

Under the Speedy Trial Act, a defendant must "be tried within seventy days after being charged or initially appearing, unless the running of time is stopped for reasons set forth under the statute." *United States v. Izazaga-Pascacio*, No. 14-cr-289 (SRN/JSM), 2016 WL 287062, at *1 (D. Minn. Jan. 22, 2016); *see* 18 U.S.C. § 3161(c)(1); *see also Zedner v. United States*, 547 U.S. 489, 497-98 (2006). At the same time, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delays in particular cases." *Zedner*, 547 U.S. at 497.

The Speedy Trial Act permits the exclusion of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision provides "flexibility" and "permits a district court to grant a continuance and to exclude the resulting delay . . . after considering

---

[3] Holt is also detained. *See generally* ECF No. 38.

certain factors." *Zedner*, 547 U.S. at 497, 498; *see generally* 18 U.S.C. § 3161(h)(7)(B). It "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." *Zedner*, 547 U.S. at 499.

One of these factors is

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act].

18 U.S.C. § 3161(h)(7)(B)(ii); *see, e.g.*, *United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022) ("Cases are 'complex' where they, for example, involve numerous defendants, novel legal issues, myriad claims, or many necessary witnesses."). "A district court excluding time on the basis of complexity must set forth the reasons why the case continues to be complex for purposes of the exclusion." *Pikus*, 39 F.4th at 53 (quotation omitted).

But, "even when a case is undisputedly complex, complexity *per se* is not an excuse for indefinite delay or a means of circumventing the requirements of the Speedy Trial Act." *Id.* at 54 (quotations and citations omitted). "[T]he length of the exclusion for complexity must not only be limited in time, but also reasonably related to the actual needs of the case." *Id.* (quotation omitted). Indeed, the Speedy Trial Act prohibits the granting of a continuance due to "lack of diligent preparation or failure to obtain

5

available witnesses on the part of the attorney for the Government."[4]   18 U.S.C. § 3161(h)(7)(C).

After due consideration, the Court will overrule Solomon's objection and designate this matter as complex under § 3161(h)(7)(B)(ii).  Given the large volume of discovery and the nature of prosecution, the Court finds that this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy Trial Act.  The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by making this designation and granting this continuance outweigh the best interests of the public and Defendants in a speedy trial and the failure to grant a continuance would deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The parties will be directed meet and confer with one another and submit a proposed case management schedule for the completion of pretrial proceedings, to include disclosures by the Government; disclosures by Defendants; and the filing of pretrial motions, responses to such motions, notices of intent to call witnesses, and responsive notices of intent to call witnesses.  Such proposal shall be based on particularized, case-specific reasons for the additional time needed.  In the event the parties are unable to agree on a case management schedule, the parties shall each submit a proposed schedule, specifically articulating the reasons why that party's proposed schedule is reasonably related to the actual needs of the case.

---

[4] To be clear, there is nothing in the record before the Court suggesting a lack of diligence in this matter.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Designate Case as Complex Under the Speedy Trial Act, ECF No. 28, is **GRANTED**.

2. This case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. **On or before June 7, 2023**, the parties shall have met and conferred and submitted a proposed case management schedule for the completion of pretrial proceedings, to include disclosures by the Government; disclosures by Defendants; and the filing of pretrial motions, responses to such motions, notices of intent to call witnesses, and responsive notices of intent to call witnesses. In the event the parties are unable to agree on a case management schedule, the parties shall each submit a proposed schedule, specifically articulating the reasons why that party's proposed schedule is reasonably related to the actual needs of the case.

4. The Court will thereafter issue a case management order, setting forth, among other things, pre-trial deadlines and the motions hearing date.

5. The period of time from **the date of this Order through June 7, 2023**, shall be excluded from Speedy Trial Act computations in this case. *See* 18 U.S.C. § 3161(h)(7)(A).

Date: May    22   , 2023

   *s/ Tony N. Leung*
   Tony N. Leung
   United States Magistrate Judge
   District of Minnesota


   *United States v. Solomon et al.*
   Case No. 23-cr-156 (SRN/TNL)