UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-156 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Desean James Solomon *et al.*, | |
| Defendants. | |

This matter comes before the Court on a joint motion filed by Defendants Leontawan Lentez Holt and Andrew Calvin Noble; a motion filed by Defendant Michael Allen Burrell; and a motion filed by Defendant Desean James Solomon, essentially joining in Defendant Burrell's motion. ECF Nos. 92, 103, 108; *see also* ECF Nos. 124, 125.[1] Each motion raises concerns over access to discovery by the Defendants.

Collectively, this case involves multiple counts based on a series of alleged violent crimes and narcotics offenses stemming from alleged membership and association with an alleged criminal organization described as the "Minneapolis Bloods Enterprise." ECF No. 28 at 1; *see generally* ECF No. 22 (redacted Indictment). The charges include one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); two counts of using and carrying a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. §§ 2 and 924(j); one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of possession

---

[1] Defendant Noble has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act, ECF No. 93.

1

with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See generally* ECF No. 22. "Given the large volume of discovery and the nature of prosecution," the Court previously found that "that this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy Trial Act" and designated it as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). ECF No. 57 at 6.

Through prior orders, the Court set a completion deadline of July 21, 2023, for the Government to make all disclosures required by Rule 16(a) of the Federal Rules of Criminal Procedure. ECF Nos. 80 at 4, 85 at 3.

The Court subsequently granted the Government's Unopposed Motion for Protective Order and entered a Protective Order with respect to the dissemination of certain discovery material. *See generally* ECF Nos. 90, 91. The parties contemplated—and the Court required—that "a complete copy of all discovery . . . be maintained under the control of the Sherburne County Jail," which could "be viewed by the Defendants in the secure computer area located in booking at the Sherburne County Jail." ECF No. 91 at 4; *see* ECF No. 90 at 6-8.

The Defendants assert that, "[d]espite repeated requests by defense counsel to make such discovery available [at the Sherburne County Jail], the [G]overnment has failed to provide the jail with the promised discovery for independent viewing by the [D]efendants." ECF No. 92 at 2; *accord* ECF No. 103 at 1-2. Additionally, acknowledging that the Government's "discovery disclosures were made to defense

counsel on or about July 13, 2023," Defendants assert that "the vast majority of the videotaped evidence has not been provided [to defense counsel] but rather remains 'available for review' by defense counsel at the United States Attorney's Office." ECF No. 92 at 2; *accord* ECF No. 103 at 2.  According to the Defendants, "[t]he volume of video evidence makes scheduling appointments to view such evidence during normal business hours both unworkable and impracticable" and, "since defense counsel has not been provided with copies of the videos, they have no way to meaningfully review the videos with their clients." ECF No. 92 at 2; *accord* ECF No. 103 at 2.  The Defendants request that both they and their counsel "be provided with all relevant discovery, in accordance with the [P]rotective Order," so that they can "formulate and file pretrial motions." ECF No. 92 at 3; *accord* ECF No. 103 at 2.

Defendants Holt and Noble have moved for an extension of the deadline to file pretrial motions in part because of these discovery difficulties.  Defendants Burrell and Solomon seek leave to file additional motions as a result.  ECF Nos. 124, 125.  The Court ordered the Government to respond.  *See generally* ECF No. 126.  The Government opposes the motions and contends that it did not agree to "generate duplicative copies of discovery for each Defendant, or provide the electronic hardware to each counsel to copy the voluminous video files."[2]  ECF No. 129 at 3.

**On or before September 8, 2023, the Government shall ensure that a complete**

---

[2] The Government additionally states it "has not promised to provide completely unredacted reports." ECF No. 129 at 3.  To the extent the issue of "completely unredacted reports" resurfaced in e-mail correspondence among counsel on August 18, 2023, it was not raised in the motions before the Court and the Court has not considered it.  *See* ECF Nos. 92 at 2 (copy of discovery at the Sherburne County Jail and video evidence), 103 at 1-2 (same); *compare* ECF No. 103 at 1 *with* ECF No. 129-1 at 1-2.  Further, the Court notes that the Government previously offered to work with defense counsel to address this issue.  ECF No. 129-1 at 2.

**copy of all discovery produced by the Government is placed at the Sherburne County Jail for use by Defendants as contemplated by the Protective Order.** Paragraph 5 of the Protective Order states that "[t]he Defendants will not be provided separate copies of the discovery for this case, but a complete copy of all discovery will be maintained under the control of the Sherburne County Jail and may be viewed by the Defendants in the secure computer area located in booking at the Sherburne County Jail." ECF No. 91 at 4. Like Defendants, it was the Court's understanding when granting the Government's unopposed motion for a protective order that the *Government* would be the one to place that copy at the Sherburne County Jail for use by Defendants.

**On or before August 30, 2023, to the extent it has not done so already, the Government shall advise defense counsel of the electronic hardware/drive(s) needed to make a copy of the video evidence in this case. Within seven days of defense counsel supplying suitable electronic hardware/drive(s) for copying, the Government shall provide a copy of the video evidence to that Defendant.** As best as this Court is able to tell, this issue comes down to who is responsible for supplying the means to store the voluminous video evidence. Defendants do not dispute that the Government has made the video evidence available for review by defense counsel at the United States Attorney's Office for the District of Minnesota. Defendants seek their own copies of the video evidence for the convenience of defense counsel. Defense counsel shall supply the means to store the copies they seek.

In a prior Case Management Order, the Court set deadlines for the completion of pretrial proceedings, including but not limited to an August 7, 2023 deadline for filing

4

pretrial motions. ECF No. 80 at 5. The Case Management Order further provided that "[s]hould a party request modification of this schedule, any response to such request shall be filed within three days." ECF No. 80 at 6. The same schedule and opportunity for a response was utilized for Defendant Burrell when he made his initial appearance approximately one week later. ECF No. 85 at 2, 4, 6. Defendants Holt and Noble seek a 30-day extension of time to file pretrial motions, timed off of the Government providing the requested discovery. No Defendant has objected to the requested continuance. The Court will extend the deadline for all Defendants to file pretrial motions to October 16, 2023. Having extended the deadline for all Defendants to file pretrial motions, the Court finds Defendants Solomon and Burrell's motions for leave to file additional pretrial motions to be moot.

Bearing in mind the complexity of this case and the voluminous discovery to be produced; the continued detention of Defendants; Defendant Solomon's assertion of his right to a speedy trial; and the absence of any objection by Defendants to the requested continuance, the Court finds that the ends of justice served by this extension outweigh the best interests of the public and Defendants in a speedy trial and such schedule is necessary to provide the parties and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources, taking into account the exercise of due diligence.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Joint Motion of Defendants Noble and Holt to Compel Discovery and Extend Time to File Pretrial Motions, ECF No. 92, is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

2. Defendant Burrell's Motion to Compel Discovery and for Leave to File Additional Pretrial Motions, ECF Nos. 103, 124, is **GRANTED IN PART** and **DENIED IN PART** as to ECF No. 103 as set forth above and **MOOT** as to ECF No. 124.

3. Defendant Solomon's Motion to Compel Discovery and for Leave to File Additional Pretrial Motions, ECF Nos. 108, 125, is **GRANTED IN PART** and **DENIED IN PART** as to ECF No. 108 as set forth above and **MOOT** as to ECF No. 125.

4. The period of time from **the date of this Order through October 16, 2023**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

5. **On or before September 8, 2023, the Government shall ensure that a complete copy of all discovery produced by the Government is placed at the Sherburne County Jail for use by Defendants as contemplated by the Protective Order.**

6. **On or before August 30, 2023, to the extent it has not done so already, the Government shall advise defense counsel of the electronic hardware/drive(s) needed to make a copy of the video evidence in this case. Within seven days of**

6

**defense counsel supplying suitable electronic hardware/drive(s) for copying, the Government shall provide a copy of the video evidence to that Defendant.**

7. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 16, 2023**. *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.

8. **Counsel must electronically file a letter on or before October 16, 2023, if no motions will be filed and there is no need for hearing**.

9. All responses to motions must be filed by **November 8, 2023**. *See* D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses must be filed by **November 8, 2023**. *See* D. Minn. LR. 12.1(c)(3)(A).

11. Any Responsive Notice of Intent to Call Witnesses must be filed by **November 15, 2023**. *See* D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

13. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **December 5, 2023, at 10:00 a.m.**, in Courtroom 9W, Diana E.

Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

14. **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Susan Richard Nelson to confirm the new trial date.**

15. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

16. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August   25  , 2023

                                                        *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *United States v. Solomon et al.*
                                              Case No. 23-cr-156 (SRN/TNL)