UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Desean James Solomon (1),<br>Leontawan Lentez Holt (3), and<br>Michael Allen Burrell (4),<br><br>　　　　　Defendants. | Case No. 23-cr-156<br><br><br>**ORDER** |

Esther Mignanelli, Thomas Calhoun-Lopez, Kristian Weir, and Campbell Warner, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Thomas C. Plunkett, Attorney at Law, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101, for Defendant Desean James Solomon.

Frederick Clayton Tyler and Karen E. Mohrlant, F. Clayton Tyler, PA, 331 Second Avenue South, Suite 230, Minneapolis, MN 55401, for Defendant Leontawan Lentez Holt.

Steven Wolter, Kelley, Wolter & Scott, P.A., 431 South Seventh Street, Suite 2530, Minneapolis, MN 554415, for Defendant Michael Allen Burrell.

SUSAN RICHARD NELSON, United States District Judge

　　　This matter is before the Court on Defendant Michael Allen Burrell's Motion in Limine to Preclude Reference to Another's Trial [Doc. No. 265]. Based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court grants in part and denies in part Mr. Burrell's motion.

1

**I.     BACKGROUND**

Mr. Burrell is charged by Indictment with one count of Using and Carrying a Firearm in Furtherance of a Crime of Violence Resulting in Death, specifically, in furtherance of Murder in Aid of Racketeering. (Indictment [Doc. No. 1] at 10–11.) As alleged in the Indictment, the incident underlying the charge against Mr. Burrell began with his participation in an alleged assault against Isaac Hodge (referred to in the Indictment as "Victim 1") at the 200 Club in North Minneapolis. (*Id.* at 7–8). His co-defendant, Desean James Solomon, is also alleged to have participated in the assault, and is charged under the same count. (*Id.*) Both Mr. Burrell and Mr. Solomon are alleged to be members of the charged enterprise, the Minneapolis Bloods criminal street gang. (*Id.*)

Mr. Hodge testified as a state witness in a trial against Mr. Burrell's younger brother on March 14, 2003. (*See* Def. Br. [Doc. No. 280] at 2.) Mr. Hodge testified again when the case was re-tried in 2008. (*See* Govt. Response Br. [Doc. No. 288] at 2, n.1.) Those trials were highly publicized and remain the subject of significant local, national, and international media attention.[1]

The Government intends to call Mr. Hodge to testify at trial. (*See id.* at 2.) Mr. Hodge is anticipated to testify that:

1) He previously testified against Mr. Burrell's younger brother in two criminal trials, and both trials were in connection with the same case.

---

[1]     *See, e.g.*, Leslie E. Redmond & Mark Osler, *The Seven (At Least) Lessons of the Myon Burrell Case*, 47 Mitchell Hamline L. Rev. 185 (2021). Mr. Burrell represents that a recent online search of his younger brother's name produced over 8,000 hits, with over 100 news articles between the Minneapolis Star Tribune and the St. Paul Pioneer Press alone, and identified news articles about the case from as far away as India and Japan.

2) He knows Mr. Burrell as "Big Skitz" and his younger brother as "Little Skitz," and knows both to be members of the Minneapolis Bloods.

3) His participation in the trials against "Little Skitz" was well-known throughout the community.

(*Id.*) The Government notes that Mr. Hodge typically refers to the trials against Mr. Burrell's brother as the "Tyesha Edwards case." (*Id.*) The Government has indicated that it will not offer any exhibits on the topic of Mr. Burrell's brother's trials or Mr. Hodge's participation in them. (*Id.* at 3.) The Government will not elicit any testimony regarding whether Mr. Burrell's brother was ultimately convicted, or regarding the age of the victim in his brother's trials. (*Id.*)

The Government also intends to elicit testimony at trial from one or multiple cooperating defendants. The cooperating defendant(s) are anticipated to testify that:

1) Mr. Hodge is known to have ties to the Family Mob, a rival gang of the Minneapolis Bloods.

2) Mr. Hodge is a "serial cooperator."

3) Members of the Minneapolis Bloods are expected to fight members of rival gangs, and are expected to help other Bloods fight or shoot at members of rival gangs who have disrespected them.

4) Cooperating with a law enforcement investigation violates one of the most important rules of the Minneapolis Bloods, and the penalty for cooperation is being beaten or shot.

(*Id.* at 1–2.)

Mr. Burrell moves the Court to preclude from this trial any reference to his younger brother's past trials. He argues that any such reference is inadmissible because it is irrelevant to his own case, and that even if a reference is relevant, it should be excluded

3

because its probative value is substantially outweighed by a risk of unfair prejudice and confusing the jury. Mr. Burrell clarified in a recent filing that his motion includes a request to preclude reference to the victim of that case. (Second Def. Br. [Doc. No. 289].)

## II.     DISCUSSION

### A.     Legal Standards

Pursuant to Federal Rule of Evidence 402, only "relevant" evidence is admissible. Evidence is relevant if it "has any tendency" to make a fact of consequence "more or less probable." Fed. R. Evid. 401. "The standard for relevancy is low." *United States v. Holmes*, 751 F.3d 846, 851 (8th Cir. 2014). The Eighth Circuit interprets relevancy to include "evidence providing the context in which the crime occurred, i.e. the *res gestae*." *United States v. Watley*, 46 F.4th 707, 714 (8th Cir. 2022) (quoting *United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014)).

The Court may exclude relevant evidence if its probative value is "substantially outweighed" by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403; *United States v. Edwards*, 65 F.4th 996, 999 (8th Cir. 2023). Exclusion of evidence under Rule 403 "is an extraordinary remedy and should be used sparingly." *Westcott v. Crinklaw*, 68 F.3d 1073, 1077–78 (8th Cir. 1995). In most cases, proper jury instructions can mitigate the risk of confusion or unfair prejudice posed by probative evidence. *Watley*, 46 F.4th at 714; *also Edwards*, 65 F.4th at 999.

### B.     Analysis

The Court finds that evidence of Mr. Hodge's testimony during the two trials against Mr. Burrell's younger brother is relevant to the charges in this case. The Government

4

alleges that members of the Minneapolis Bloods are expected to use violence to retaliate against those who have disrespected members of the gang, to fight rival gang members, and to harm those who have testified or cooperated with investigations against members of the gang. The Government anticipates the testimony to establish that Mr. Hodge is known by the Minneapolis Bloods to have ties with a rival gang, that he knows Mr. Burrell's younger brother to be a member of the Minneapolis Bloods, and that his past testimony against Mr. Burrell's younger brother in two high stakes criminal trials is well known. These facts provide context to the circumstances of the alleged assault of Mr. Hodge by Mr. Burrell and Mr. Solomon. Because that context is sufficient to meet the low standard for relevancy under the Federal Rules of Evidence, the Court denies Mr. Burrell's motion on Rule 402 grounds. *See Watley*, 46 F.4th at 714.

The Court further finds that to the extent this evidence provides context for the crime charged, its probative value is not substantially outweighed by a danger of unfair prejudice, or of confusing or misleading the jury. The Eighth Circuit has previously held that a cooperator's testimony as to unrelated crimes and cases did not require exclusion under Rule 403, where the testimony was necessary to establish the cooperator's relationship to the defendants and the context of the crime, and did not substitute for actual evidence of the crime charged. *United States v. Johnson*, 28 F.3d 1487, 1496–99 (8th Cir. 1994); *see also United States v. Roberts*, 253 F.3d 1131, 1133–35 (8th Cir. 2001) (where the facts underlying prior convictions helped to explain the context of the charged crime and the relationships between the individuals involved, references to the convictions were more probative than unfairly prejudicial). And this Court has denied Rule 403 motions to

5

exclude potentially inflammatory references, where the references are probative of the context of the crime charged. *E.g.*, *United States v. Pacheco*, No. 20-cr-252 (WMW/HB), 2022 WL 1184067, at *5 (D. Minn. Apr. 21, 2022), *aff'd*, 2023 WL 3266827 (8th Cir. May 5, 2023).

The evidence at issue here is highly probative of the charges against both Mr. Burrell and Mr. Solomon, because it provides motive for the alleged assault, and explains how their actions were in furtherance of the charged enterprise. The Government only proposes to offer this evidence in the form of direct testimony by Mr. Hodge and cooperating witnesses, who will be subject to the Defendants' cross-examination. Further, the Government will not elicit testimony or submit exhibits regarding the results of the trials against Mr. Burrell's younger brother, or the background facts of those cases, including the age of the victim. The evidence will thus be narrowly tailored to convey only probative information and to avoid the risk of unfair prejudice or confusion. *See United States v. Avalos-Diaz*, No. 8:22-cr-139, 2023 WL 5124985, at *4 (D. Neb. Aug. 10, 2023) (when cross-examining a witness about his prior testimony in an unrelated case, narrowly tailoring the questions and avoiding standalone exhibits sufficiently diminished any risk of juror confusion).

The Court finds that there is limited probative value to referencing the name of the victim of those cases, and that such an inflammatory reference might create a substantial risk of unfair prejudice. Accordingly, the Court grants Mr. Burrell's motion with respect to the name of the victim only. The Government shall instruct Mr. Hodge not to name the victim during his trial testimony, or provide any identifying details about the facts of these

other trials. To the extent that risk remains, the Court finds that properly instructing the jury will sufficiently mitigate that risk, and Mr. Burrell is welcome to propose any additional limiting instruction that he feels is necessary. *See Watley*, 46 F.4th at 714; *Edwards*, 65 F.4th at 999. Because the Court finds that the probative value of Mr. Hodge's anticipated testimony is not substantially outweighed by a risk of unfair prejudice or juror confusion, it denies Mr. Burrell's motion on Rule 403 grounds as well.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Burrell's Motion in Limine to Preclude Reference to Another's Trial [Doc. No. 265] is **GRANTED in Part**, insofar as the Government is precluded from introducing identifying details about these other trials, including the name of the victim, and is otherwise **DENIED in Part** in all other respects.

**IT IS SO ORDERED.**

Dated: August 28, 2024                                /s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge