UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Desean James Solomon (1),<br>Leontawan Lentez Holt (3), and<br>Michael Allen Burrell (4),<br><br>  Defendants. | Case No. 23-cr-156<br><br><br>**ORDER** |

Esther Mignanelli, Thomas Calhoun-Lopez, Kristian Weir, and Campbell Warner, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Thomas C. Plunkett, Attorney at Law, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101, for Defendant Desean James Solomon.

Frederick Clayton Tyler and Karen E. Mohrlant, F. Clayton Tyler, PA, 331 Second Avenue South, Suite 230, Minneapolis, MN 55401, for Defendant Leontawan Lentez Holt.

Steven Wolter, Kelley, Wolter & Scott, P.A., 431 South Seventh Street, Suite 2530, Minneapolis, MN 554415, for Defendant Michael Allen Burrell.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Michael Allen Burrell's Motion in Limine to Compel Production of Cooperating Witness Information [Doc. No. 291]. Based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court denies as moot Mr. Burrell's Motion.

1

Mr. Burrell filed his Motion on August 23, 2024. In his Motion, he asked the Court to compel production by the Government of specific items of information related to one of the Government's recently disclosed cooperating witnesses: Isaac Hodge. (Motion at 2.) Mr. Burrell also objected in his Motion to the Government's proposal that Mr. Hodge's cooperation agreement in a separate federal criminal case be made available for inspection by counsel at the United States Attorney's Office, rather than providing a copy of the agreement to counsel. (*Id.* at 3.) Mr. Burrell noted in his Motion that it has "long been the practice that defense counsel is provided with all cooperation agreements between a testifying witness and the government." (*Id.*)

On August 28, 2024, the Government responded to Mr. Burrell's Motion and advised the Court that all requested items have now been provided to Mr. Burrell, except for Mr. Hodge's cooperation agreement in his separate federal case. (Govt. Response [Doc. No. 295] at 1.) The Government advised that the cooperation agreement is available for review at the United States Attorney's Office, and noted that it had departed from its regular practice due to the unique concerns in this case about witness intimidation, disclosure of cooperator materials on social media, and impairing the prosecution of a separate federal case. (*Id.* at 1–2.)

The Court finds that the Government has complied with its discovery obligations in this case, particularly in light of its concerns about witness intimidation and the risk of dissemination of cooperator agreements. The Eighth Circuit has held that the Government satisfies its discovery obligations in a criminal case when it makes discovery materials in its possession available for a defendant's counsel to inspect, in lieu of producing copies of

2

the materials for the defense. *United States v. Maloney*, 102 F.4th 904, 916 (8th Cir. 2024). The Government has at this time disclosed, provided, or made available for inspection all of the information requested by Mr. Burrell. These disclosures are sufficient to ensure that Mr. Burrell and his counsel can adequately prepare for trial, and nothing further is required by the discovery rules. *See* Fed. R. Crim. P. 16; 18 U.S.C. § 3500.

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Burrell's Motion in Limine to Compel Production of Cooperating Witness Information [Doc. No. 291] is **DENIED as Moot**.

**IT IS SO ORDERED.**

Dated: August 29, 2024   /s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge