**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 23-CR-156(1)(SRN/TNL)*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT SOLOMON'S MOTION TO** |
| | ) **STRIKE JURORS FOR CAUSE** |
| DESEAN JAMES SOLOMON, | ) |
| | ) |
| Defendant. | ) |

Prior to trial, this Court allowed the parties to review jury questionnaires. Following review of the jury questionnaires several persons jointly recommended to the Court as for cause strikes. Counsel now moves this Court to strike for cause the following anonymous jurors:

5, 7, 8, 18, 21, 26, 27, 28, 34, 38, 46, 47, 53, 55, 64, 66, 72, 95, 105, 119, 124, 127, 133, 138, 140, 144, 155, 158, 170, 171, 172, 173, 174.

The requirement of an impartial jury is secured not only by the Sixth Amendment, but also the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and perhaps by the Due Process Clause of the Fifth Amendment. Even before the Court extended the right to a jury trial to state courts, it was firmly established that, if a state chose to provide juries, the juries had to be impartial. *Turner v. Louisiana*, 379 U.S. 466 (1965). An impartial jury is central to a fair trial.

Courts enjoy considerable discretion when deciding to strike a person for cause. A court should exercise that discretion when a potential juror exhibits an inability to lay aside his or her impressions or opinions and render a verdict based on the evidence presented in court. Such a refusal infringes the appellant's right to trial by an impartial jury. *Moran v. Clarke*, 443 F.3d 646, 650 (8th Cir. 2006).

In making this motion to strike for cause, counsel has focused on jurors who have stated that they have a predisposition or bias related to being an impartial juror. The jurors listed have stated that they believe a defendant should be required to prove that they did not commit an offense and/or stated that the juror would tend to believe law enforcement testimony over other persons testimony.

**Burden Shifting by Jurors:**

A disagreement with the presumption of innocence is serious as it shifts the burden from the Government to the Defendant. A criminal defendant has a right to a trial before an impartial jury. U.S. CONST. amend. VI. The burden of proof is on the government. See *United States v. Gianakos*, 415 F.3d 912, 929 (8th Cir. 2005) citing (*Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994)). To ensure that the burden of proof stays on the government, jurors must not make up their minds about guilt or innocence. A juror who makes up her mind before hearing all the evidence is biased. They are biased in that they effectively hold the defendant to an impermissible burden of proof. Bias need not result from personal animus. Juror bias is simply the inability to decide the case properly and impartially on all of the evidence. A juror's shifting the burden to the defendant precludes the juror from properly, lawfully deciding

the case. *Id*. at 328 A juror who places any burden on Mr. Solomon must be struck for bias.

**Bias Toward Police Testimony**

In this case Mr. Solomon must confront testimony from law enforcement officers who, through their investigation, have come to an incorrect conclusion that Mr. Solomon fired a fatal round killing Mr. Banks outside of the 200 club. Jurors who have stated that they believe law enforcement over others are biased on this and any point the pits law enforcement testimony against any other form of evidence. That bias is particularly damaging when a case the rests on the credibility of police and their conclusions about the location of Mr. Banks when he was shot. They will be called upon to chose between defense witnesses and police testimony. In *United States v. Amerson*, this circuit reversed a district court conviction because, in part, the district court refused to strike for cause prospective jurors who indicated during voir dire that they would "give greater credence" to the testimony of police officers over other witnesses. *United States v. Amerson*, 938 F.2d 116, 117 (8th Cir. 1991). (reversed on other grounds). A District Court has considerable discretion in conducting voir dire. That discretion is subject, however, to, " ' the essential demands of fairness.' " *Id.* at 118 (quoting *United States v. Cassel*, 668 F.2d 969, 971 (8th Cir. 1982)). Because these jurors have stated they hold a bias on an essential issue in Mr. Solomon's case, they must be struck for cause.

Counsel respectfully asks this Court to strike the above jurors for cause because it appears they have a bias and cannot be fair to Mr. Solomon.

|  | Respectfully submitted, |
|---|---|
| Dated: September 3, 2024 | /s/ Thomas C. Plunkett |
|  | Thomas C. Plunkett |
|  | Attorney No. 260162 |
|  | Attorney for Defendant |
|  | 101 East Fifth Street |
|  | Suite 1500 |
|  | St. Paul, MN 55101 |
|  | Phone: (651) 222-4357 |
|  | Fax: (651) 297-6134 |
|  | Email: tcp@tp4justice.com |