UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Desean James Solomon (1),<br>Leontawan Lentez Holt (3), and<br>Michael Allen Burrell (4),<br><br>Defendants. | Case No. 23-cr-156 (SRN/TNL)<br><br><br>ORDER ON GOVERNMENT'S<br>MOTION FOR A LESSER-INCLUDED<br>OFFENSE INSTRUCTION |

Esther Mignanelli, Thomas Calhoun-Lopez, Kristian Weir, and Campbell Warner, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Thomas C. Plunkett, Attorney at Law, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101, for Defendant Desean James Solomon.

Frederick Clayton Tyler and Karen E. Mohrlant, F. Clayton Tyler, PA, 331 Second Avenue South, Suite 230, Minneapolis, MN 55401, for Defendant Leontawan Lentez Holt.

Steven Wolter, Kelley, Wolter & Scott, P.A., 431 South Seventh Street, Suite 2530, Minneapolis, MN 554415, for Defendant Michael Allen Burrell.

SUSAN RICHARD NELSON, United States District Judge.

This matter is before the Court on the Government's motion for a lesser-included offense instruction on second-degree murder. (Doc. 341.) Defendants Desean Solomon, Leontawan Holt, and Michael Burrell jointly object. (Doc. 344.) After briefing from the parties and careful consideration, the Court grants the Government's motion.

I.     **Background**

Defendants were jointly indicted on April 26, 2023.  (Doc. 1.)  As relevant here, Count One of the indictment charges Mr. Solomon with Racketeer Influenced and Corrupt Organization (RICO) Conspiracy; Count Two charges Mr. Solomon and Mr. Burrell with Using and Carrying a Firearm in Furtherance of a Crime of Violence Resulting in Death related to a June 14, 2020, shooting; and Count Three charges Mr. Solomon and Mr. Holt with the same as to an April 23, 2022, shooting.  (*Id.* at 6–14.)

Among the predicate acts listed in Count One are first-degree murder, second-degree murder, attempted murder, aiding and abetting murder, and conspiracy to commit murder under Minnesota law.  (*Id.* at 7 (citing Minn. Stat. §§ 609.185, 609.19, 609.17, 609.05 & 609.175).)   However, Counts Two and Three allege only first-degree premeditated murder (plus aiding and abetting thereof) as the predicate crime of violence resulting in death.  (Doc. 1 at 11, 13 (citing Minn. Stat. § 609.185(a)(1), 609.05).)  Neither mentions second-degree murder which, unlike first-degree murder, does not require premeditation.  *Compare* Minn. Stat. § 609.185, *with id.* § 609.19.

Several months before trial, the Court directed the parties to meet and confer to jointly submit one set of agreed-upon instructions and a summary of the indictment. (Doc. 220 at 2–3.)  The Government submitted those two documents by email on July 26, 2024.  Consistent with the indictment, the joint proposed instructions as to Counts Two and Three mentioned only "murder in the first degree in violation of Minnesota Statutes §§ 609.185(a)(1) and/or 609.05" and noted that first-degree murder requires that the "defendant acted with premeditation."   (Joint Proposed Instruction Nos. 52–53.)

- 2 -

However, the aiding and abetting instruction immediately following them referred to "murder in the second degree under Minnesota law." (Joint Proposed Instruction No. 54 ("The defendant is guilty of the crime of [aiding and abetting] murder in the first degree under Minnesota law, or the lesser-included offense of murder in the second degree under Minnesota law, only if the other person commits that crime. The defendant is not guilty for intentionally aiding the commission of the crime of murder in the first degree, or the lesser-included offense of murder in the second degree, unless that crime is actually committed.").)

On September 5, 2024, prior to opening arguments, the Court instructed the jury that the elements of Counts Two and Three include "that defendants committed murder in the first degree." (Doc. 327 at 43:14–15.) The Government then argued to the jury that Count 2 "charges Defendant Burrell, Defendant Solomon with carrying firearms in furtherance of premeditated murder" and, as to Count Three, that "Defendant Holt, aided, helped by Defendant Solomon, carried a firearm in furtherance of premeditated murder." (*Id.* at 71:13–16, 77:8–10.) Consistent with this understanding, Defendants repeatedly emphasized to the jury that the alleged murders must be first-degree murder and argued that the evidence would not show premeditation. (*See, e.g.*, *id.* at 84:2–14, 86:9–21, 87:11–24, 93:20–25, 101:23–102:3.)

Nonetheless, on September 21, 2024, well into the Government's case-in-chief, the Government notified Defendants by email that it intended to seek a second-degree murder instruction as to Counts Two and Three. (*See* Doc. 344 at 10.) The Government then submitted its written motion to the Court on September 27, 2024. (Doc. 341.)

- 3 -

## II.    Analysis

Federal Rule of Criminal Procedure 31(c)(1) provides that a defendant "may be found guilty of an offense necessarily included in the offense charged." A lesser-included offense instruction is warranted if:

> (1) a proper request is made;[1] (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, *i.e.,* a charge may be demanded by either the prosecution or the defense.

*United States v. Rainbow*, 813 F.3d 1097, 1105 (8th Cir. 2016) (citation omitted).

Defendants do not dispute that prongs two through five are met. Rather, they assert that the Government's request is improper because it came "[a]t the eleventh hour, after 8 days of trial and testimony from 37 witnesses, on the eve of submitting this case to the jury for determination, and after consistently promising the Court, the parties and the jury it would prove premeditated, first-degree murder under Minnesota law with respect to Counts Two and Three." (Doc. 344 at 1.)

To the extent Defendants argue that the Constitution bars the requested lesser-included offense instruction, they are incorrect. True, it is "ancient doctrine . . . that a defendant cannot be held to answer a charge not contained in an indictment brought against him." *Schmuck v. United States*, 489 U.S. 705, 717 (1989). But when the second

---

[1] More often than not, it is the defendant who requests a lesser-included offense instruction. *See, e.g.*, *United States v. One Star*, 979 F.2d 1319, 1320–22 (8th Cir. 1992); *United States v. Dodd*, 473 F.3d 873, 876 (8th Cir. 2007). But it is not unheard-of for the Government to seek one. *See, e.g.*, *United States v. Stricker*, 4 F.4th 624, 626 (8th Cir. 2021).

prong's "elements test" is met, "the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may convicted on either charge." *Id.* at 718. And the elements test is met here. *See State v. Goodloe*, 718 N.W.2d 413, 422 (Minn. 2006) ("Second-degree intentional murder is a lesser-included offense of first-degree premeditated murder . . . ."). The sole difference between the two offenses is that first-degree murder requires one additional element: premeditation. *Compare* Minn. Stat. § 609.185, subd. 1(1); 10 Minn. Dist. Judges Ass'n, *Minn. Prac. Series, Jury Instr. Guides—Crim.* CRIMJIG 7.01 (7th ed. 2023), *with id.*, CRIMJIG 7.09; Minn. Stat. § 609.19(a)(1).

As for more general concerns about fairness, the Court acknowledges that it was entirely reasonable for Defendants to believe that the Government sought only to prove first-degree murder. But outside of how they presented their opening arguments, Defendants have not identified any real prejudice—any strategic choices that have been impacted. Moreover, the Court's research has uncovered no authority holding that a request for a lesser-included instruction is improper once trial has begun, and Defendants do not identify any authority to that effect.

Defendants cite a concurring opinion in *United States v. Norris*, in which Judge Thompson disagreed with the majority's decision that the district court did not err by instructing the jury on the law of joint possession. 21 F.4th 188, 201 (1st Cir. 2021) (Thompson, J. concurring). But distinguishing facts abound. There, joint possession was an alternative theory of the case that "the government not only did not argue, but expressly denied." *Id.* at 205. Judge Thompson was concerned that the district court

"rel[ied] on both the ubiquity of [joint possession instructions] and its own—not the government's explanation—of the joint-possession theory" in deciding to issue the instruction rather than "tailor[ing] the instructions to the facts and theories of the case." *Id.* at 205–06. Here, on the other hand, the Government expressly requests the second-degree murder instruction, and the Court does not grant it based on any perception that such instructions are commonplace. Rather, the Court grants the instruction based on the specific facts of this case under which a reasonable jury could find intent to kill but not premeditation. Judge Thompson also warned that although the instruction turned out to be harmless in that case, "there will certainly be some cases where such instructions launch the jury into a pit of confusion, risk convictions by speculation, and potentially sandbag the defense after it has no more opportunity to pursue a different strategy." *Id.* at 206. But this is not one of those cases. There is minimal risk of juror confusion or conviction-by-speculation here because the only difference between the first-degree and second-degree murder theories is premeditation.

Defendants argued in their openings that the Government could not prove premeditation and, no doubt, will argue the same in their closings.

### III.    Conclusion

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that the Government's motion instruct the jury on the lesser-included offense of second-degree murder [Doc. 341] is **GRANTED**.

Dated:  October 2, 2024

s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge